United States District Court
Southern District of Texas
**ENTERED**
January 26, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLORA CARMEN RODRIGUEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-1597 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | § | |
| AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE | § | |
| LOAN TRUST 2006–FF11, MORTGAGE PASS- | § | |
| THROUGH CERTIFICATES, SERIES 2006–FF11, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is plaintiff Flora Carmen Rodriguez's motion to remand. Dkt. 20. Having considered the motion, response, and applicable law, the court is of the opinion that the motion should be DENIED.

### I. BACKGROUND

On May 2, 2016, Rodriguez commenced her action in the 215th Judicial District Court of Harris County, Texas, in which she sought to prevent defendant from foreclosing on her property. Dkt. 1, Ex. 4 at 8. On May 27, 2016, the case was transferred to the 281st District Court of Harris County, Texas. *Id.* at 3. On June 7, 2016, defendant Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee for First Franklin Mortgage Loan Trust 2006–FF11, Mortgage Pass-Through Certificates, Series 2006–FF11 ("Trust") removed the suit to this court based on diversity jurisdiction. Dkt. 1.

On September 27, 2016, Rodriguez filed this motion to remand alleging that Deutsche Bank has not established diversity jurisdiction because it failed to include the citizenship of the members

of the Trust. Dkt. 20. On October 18, 2016, Deutsche Bank filed its response arguing that the Trust is a traditional trust and therefore the citizenship of the trustee matters—not the citizenship of the members. Dkt. 21 at 14.

## II. LEGAL STANDARDS

A party may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441 (2012). The party seeking removal bears the burden of establishing federal jurisdiction. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). This statutory right to removal is strictly construed because "removal jurisdiction raises significant federalism concerns." *Id.* (citations omitted). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). Deutsche Bank claims removal jurisdiction based on diversity of citizenship. Dkt. 1 at 4. Subject matter jurisdiction premised on diversity requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332 (2012). The only disputed issue is whether the diversity requirement is satisfied.

Courts have taken a two-step approach to determining the citizenship of a trust for purposes of diversity: (1) identify whether the trust or the trustee is the real and substantial party to the controversy, and (2) if the trust is the real party, then determine whether it is a "traditional trust" where a court looks to the citizenship of the trustee, or whether it is a "business trust" (unincorporated association) where a court looks to the citizenship of the trust's members to determine jurisdiction. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016).

At the outset, the court must determine who is the real and substantial party to the controversy that is being haled to court—the trust or the trustee. "[N]either [*Americold*] nor *Navarro*

limits an entity's membership to its trustees just because the entity happens to call itself a trust." *Id.*; *Juarez v. DHI Mortg., Ltd.*, No. CV H-15-3534, 2016 WL 3906296, at *2 (S.D. Tex. July 19, 2016) (Miller, J.); *see also Wells Fargo Bank, N.A. v. Transcon. Realty Inv'rs, Inc.*, No. 3:14-CV-3565-BN, 2016 WL 3570648, at *2 (N.D. Tex. July 1, 2016) ("The 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.") (quoting *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853 (5th Cir. 2003)).

If the trustee is suing or is being sued in his or her own name, or if the trust is a traditional trust, then the *Navarro* standard applies. *Navarro Savs. Ass'n v. Lee*, 446 U.S. 458, 100 S. Ct. 1779 (1980). Trustees that have exclusive authority over the property (i.e. the declaration of the trust "authorizes the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees,") may "sue in their own right, without regard to the citizenship of the trust beneficiaries." *Id.* at 464–66. In these instances, the court will look to the citizenship of the trustee alone to determine jurisdiction.

### III. ANALYSIS

To determine whether the trustee is the real party to the controversy, Deutsche Bank must show that the declaration of the trust "authorizes the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees," as outlined in *Navarro. Id.* Deutsche Bank points to the following provisions from the Pooling Servicing Agreement to support its claim that the trustee is the real party to the controversy:

- The Depositor [HSI Asset Securitization Corporation], concurrently with the execution and delivery hereof, hereby sells, transfers, assigns, sets over and otherwise conveys to the Trustee for the benefit of the Certificateholders, without recourse . . . . [Dkt. 21, Ex. 1 at 58 (§ 2.01(a))].

3

- Without limiting the generality of the foregoing, the Servicer [Wells Fargo Bank, N.A.] in its own name or in the name of a Subservicer is hereby authorized and empowered by the Trustee when the Servicer believes it appropriate in its best judgment in accordance with the Accepted Servicing Practices, to execute and deliver any and all instruments of satisfaction or cancellation, or of partial or full release or discharge, and all other comparable instruments, with respect to the Mortgage Loans and the Mortgaged Properties and to institute foreclosure proceedings or obtain a deed-in-lieu of foreclosure so as to convert the ownership of such properties, and to hold or cause to be held title to such properties, on behalf of the Trustee. [*Id.* at 69 (§ 3.01(a))].

- No Certificateholder shall have any right to vote (except as provided herein) or in any manner otherwise control the operation and management of the Trust Fund, or the obligations of the parties hereto; nor shall anything herein set forth or contained in the terms of the Certificates be construed so as to constitute the Certificateholders from time to time as partners or members of an association; nor shall any Certificateholder be under any liability to any third party by reason of any action taken by the parties to this Agreement pursuant to any provision hereof. [*Id.* at 165 (§ 12.08)].

- No Certificateholder shall have any right by virtue or by availing itself of any provisions of this Agreement to institute any suit, action or proceeding in equity or at law upon or under or with respect to this Agreement, unless such Holder previously shall have given to the Trustee a written notice of an Event of Default and of the continuance thereof, as herein provided, and unless the Holders of Certificates evidencing not less than 25.00% of the Voting Rights evidenced by the Certificates shall also have made written request to the Trustee to institute such action, suit or proceeding in its own name as Trustee hereunder and shall have offered to the Trustee such reasonable indemnity as it may require against the costs, expenses, and liabilities to be incurred therein or thereby, and the Trustee, for 60 days after its receipt of such notice, request and offer of indemnity shall have neglected or refused to institute any such action, suit or proceeding . . . . [*Id.* at 166 (§ 12.08)].

The court finds that Deutsche Bank provided evidence to show that the trustee has the customary powers to hold legal title and direct the Servicer to invest and control the trust's assets as set out in *Navarro*. *Id.* While the Certificateholders may vote to override the trustee's decision to defend or initiate a lawsuit, such powers are limited to extenuating circumstances that require the Certificateholders to indemnify the trustee. *See May v. New Century Mortg. Corp.*, No. 4:16-cv-

1272, 2016 U.S. Dist. LEXIS 128099, at *14 (S.D. Tex. Sept. 16, 2016) (holding trust was the real party to the controversy because Certificateholders only had the power to remove the trustee). Based on the above evidence, the court finds that Deutsche Bank has satisfied its burden of proving by a preponderance of the evidence that it is the real party to the controversy, and therefore only the trustee's citizenship is considered when determining subject matter jurisdiction.

As a national bank, Deutsche Bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941 (2006). Deutsche Bank contends that its main office is in Los Angeles, California and that it is a citizen of California, and Rodriguez is a citizen of Texas. Dkt. 1 at 4. The court finds that the parties are diverse and that removal based on diversity jurisdiction is proper.

## IV. CONCLUSION

Accordingly, Rodriguez's motion to remand is DENIED. Dkt. 20.

Signed at Houston, Texas on January 26, 2017.

_____
Gray H. Miller
United States District Judge

5