UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLORA CARMEN RODRIGUEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-1597 |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | § | |
| AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE | § | |
| LOAN TRUST 2006–FF11, MORTGAGE PASS- | § | |
| THROUGH CERTIFICATES, SERIES 2006–FF11, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court are: (1) a motion for summary judgment filed by defendant Deutsche Bank National Trust Company ("Deutsche Bank") and (2) Deutsche Bank's motion to strike plaintiff's designation of expert witnesses. Dkts. 33, 38. Having considered the motion, response, reply, and applicable law, the court is of the opinion that: (1) the motion for summary judgment (Dkt. 33) should be GRANTED and (2) the motion to strike (Dkt. 38) should be DENIED AS MOOT.

**I. BACKGROUND**

This is a foreclosure case. The parties' dispute arises from real property located at 9462 Kemp Forest Drive, Houston, Texas 77080. Dkt. 1 at 2. Plaintiff Flora Carmen Rodriguez purchased that property in April of 1994. Dkt. 16 at 3. On May 10, 2006, Rodriguez refinanced the property by obtaining a home equity loan from Bank United of Texas, FSB in the original principal amount of $100,001. *Id.* at 3; *see also* Dkt. 39 at 3, 8. At that time, Rodriguez entered into a security agreement with Bank United. Dkt. 16 at 4.

The agreement provides: "it is Lender's and Borrower's intention to conform strictly to provisions of the Texas Constitution applicable to Extension of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution." *Id.* at 8. The agreement also provides: "[a]ll agreements between Lender and Borrower are expressly limited so that any interest . . . shall not exceed, in the aggregate, the highest amount allowed by Applicable Law." *Id.*

Finally, the agreement provides:

> it is the express intention of Lender and Borrower to structure this Extension of Credit to conform to the provisions of the Texas Constitution applicable to Extension of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. As a precondition to taking any action premised on failure of Lender to comply [with Section 50(a)(6)], Borrower will advise Lender of the noncompliance . . . only after Lender has received said notice, has had 60 days to comply, and Lender has failed to comply, shall all principal and interest be forfeited by Lender.

*Id.* at 8–9 (alterations in original).

On August 18, 2011, the loan was assigned to Deutsche Bank, the current mortgagee. Dkt. 33 at 8. The last payment applied to the loan occurred in July 2011. Dkt. 39 at 4. On October 22, 2015, Deutsche Bank filed a foreclosure action. *Id.*

On May 2, 2016, Rodriguez filed this action in state court to prevent foreclosure. Dkt. 1, Ex. 4 at 8. She sued for: (1) breach of contract based on Section 50(a) violations ; (2) quiet title; (3) a declaratory judgment ordering that any and all liens relating to the note are void; (4) a permanent injunction to prevent Deutsche Bank from foreclosing on the property; (5) forfeiture of the loan principal and interest paid; (6) damages; and (7) attorneys' fees. Dkt. 14-1 at 8–14.

On May 11, 2016, Rodriguez sent Deutsche Bank a Notice to Cure alleged violations of Section 50(a)(6). Dkt. 39 at 2. Specifically, Rodriguez alleged that Deutsche Bank violated:

2

a. Section 50(a)(6)(M)(i) because she never received a copy of the loan application or notice that the loan was governed by the Texas Constitution, Article XVI;

b. Section 50(a)(6)(Q)(v) because she did not receive a copy of the final loan documents;

c. Section 50(h)(1) because the acknowledgment of fair market value was not based on an appraisal report given that none was prepared;

d. Section 50(a)(6)(Q)(viii) because she did not receive an acknowledgment of her three-day right to rescind the extension of credit; and

e. Section 50(a)(Q)(ix) because she and the lender did not execute an acknowledgment as to the fair market value on the date credit was extended or that such acknowledgment was not provided to her at closing.

Dkt. 16 at 5–8.

On June 7, 2016, Deutsche Bank removed to this court. Dkt. 1. On September 27, 2016, Rodriguez moved to remand. Dkt. 20. The court denied that motion on January 26, 2017. Dkt. 24. On June 14, 2017, Deutsche Bank moved for summary judgment. Dkt. 33. Rodriguez responded. Dkt. 39. Deutsche Bank filed a reply in support of its motion. Dkt. 42. The motion is now ripe for disposition.

## II. LEGAL STANDARD

A court shall grant summary judgment if a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2552 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

Rodriguez's response abandoned all but two grounds for relief—both for breach of contract. *See infra* Section III(A). As a result, the court will analyze her response only as it relates to breach of contract. *Id.* In addition, Deutsche Bank provided several grounds in support of its motion for summary judgment and its reply. *See* Dkts. 33 at 15–25, 42 at 1–7. Because a single ground resolves the instant motion, the court need not analyze the remaining grounds. Finally, because the court determines that Deutsche Bank is entitled to summary judgment as a matter of law, Deutsche Bank's motion to strike is moot.

#### A. Waiver

Abandonment of claims constitutes waiver. *See, e.g.*, *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (denying relief when petitioner failed to first raise claims in the district court). Deutsche Bank argues that Rodriguez's response abandoned all claims except for two grounds supporting her breach of contract claim. Dkt. 42 at 1. The court agrees.

Rodriguez's response explained that she "seeks forfeiture through her breach of contract claim, not through quiet title or declaratory judgment." Dkt. 39 at 10. Further, Rodriguez stated that she "intends only to pursue her claims that the Lender failed to acknowledge the fair market value at closing § 50(a)(6)(Q)(ix) and that the Lender failed to provide Plaintiff with all final signed loan

4

documents pursuant § 50(a)(6)(Q)(v)." *Id.* at 2, n.1. Finally, Rodriguez added that she "no longer seeks to pursue the remaining constitutional violations." *Id.*

Rodriguez abandoned her claims for quiet title, declaratory judgment, as well as breach of contract in violation of the Texas Constitution, sections 50(a)(6)(M)(I), 50(a)(6)(Q)(viii), and 50(h)(I). Thus, she waived those claims. *See Yohey*, 985 F.2d at 225. Her response focuses on two of Deutsche Bank's alleged constitutional violations. Dkt. 39. Because her only recourse for those violations is an action for breach of contract, it is the only claim before the court. *See Garofolo v. Ocwen Loan Servicing*, 497 S.W.3d 474, 475 (Tex. 2016) ("our constitution lays out the terms and conditions a home-equity loan must include if the lender wishes to foreclose . . . it does not, however create a constitutional cause of action").

### B. Breach of Contract and the Texas Constitution

The Texas Constitution protects homesteads from forced sale. *Garofolo*, 497 S.W.3d at 478. In particular, Article XVI Section 50(a) strictly limits the types of loans that may be secured by a homestead lien. *Wood v. HSCB Bank, USA, N.A.*, 505 S.W.3d 542, 545 (Tex. 2016). That section "describes what a home-equity loan must look like if a lender wants the option to foreclose on a homestead upon borrower default." *Garofolo*, 497 S.W.3d at 478.

Under Section 50(a)(6)(Q)(ix), the homestead owner (borrower) and lender must sign a written acknowledgment as to the fair market value of the homestead property on the date the lender extends credit. Tex. Const. art. XVI, § 50(a)(6)(Q)(ix). Under Section 50(a)(6)(v), the lender must provide the borrower with "a copy of the final loan application and all executed documents signed by the owner at closing related to the extension of credit." Tex. Const. art XVI, §(a)(6)(Q)(v).

Although Section 50(a) does not create an independent cause of action, a borrower can sue its lender for violations of that section under a breach of contract theory. *Alexander v. Wells Fargo*

*Bank, N.A.*, 867 F.3d 593, 602 (5th Cir. 2017) (applying Texas law). "As such the relevant statute of limitations for the underlying breach of contract action controls." *Vestal v. Fed. Nat'l Mortg. Assoc.*, Civil Action No. H-16-3628, 2017 WL 4217165, at *2 (S.D. Tex. Sep. 20, 2017) (Lake, J.). That statute runs four years after the breach. Tex. Civ. Prac. & Rem. Code § 16.051; *see also Alexander*, 867 F.3d at 603 n.47. "[U]nder Texas law, the right of action for a breach of contract claim accrues at the time of the breach . . . ." *Alexander*, 867 F.3d at 603. In the lender-borrower context, the breach occurs when a lender fails to comply with the constitutional provision. *Id.*(discussing Section 50(a)(6)(Q)(x)). A lender's later failure to cure does not impact the accrual date. *Id.*

Rodriguez alleges that Deutsche Bank breached its loan agreement by violating two of Section 50(a)'s provisions. Dkt. 39 at 2. Deutsche Bank argues it is entitled to summary judgment on that claim because it is time-barred. Dkts. 33 at 19, 39 at 3. Deutsche Bank asserts that Rodriguez's right of action accrued in 2006, at the time of origination. Dkt. 33 at 18.

Rodriguez sets forth no facts or evidence to dispute the limitations issue. Instead, Rodriguez fails to address it altogether. Her response simply repeats the theory underlying her breach of contract claim (that Deutsche Bank violated two Section 50(a) provisions). Dkt. 39 at 2. In support, Rodriguez points to loan documents in which she and Deutsche Bank's predecessor in interest expressed their intent "to conform strictly to provisions of the Texas Constitution applicable to Extension of Credit as defined by Section 50(a)(6)[.]" Dkt. 16 at 8. Rodriguez alleges that Deutsche Bank failed to comply with those contractual obligations by: (1) "fail[ing] to acknowledge the fair market value at closing [in violation of] § 50(a)(6)(Q)(ix)"; and (2) "fail[ing] to provide Plaintiff with all final singed loan documents pursuant to § 50(a)(6)(Q)(v)." Dkt. 39 at 2, n.1.

6

As to the first violation, Rodriguez admits that Deutsche Bank attached a signed copy of the Acknowledgment of Fair Market Value to the instant motion. Dkt. 39 at 4. But, because that copy "conspicuously does not have a date with the signature . . . [Deutsche Bank] is unable to show when it was signed, nor that it was signed at the date of closing." *Id.* Rodriguez also alleges that "[t]here is no evidence to suggest that the signature *actually* belongs to the Original Lender." *Id.* (emphasis in original). Yet, even so, Rodriguez argues it was untimely. *Id.*

Rodriguez also alleges that Deutsche Bank breached its contractual obligation to cure Section 50(a)(6) violations when it failed to respond to Rodriguez's request to cure. *Id.* at 11. That failure to cure, Rodriguez argues, makes the lien void. *Id.* at 9–10. In support, Rodriguez points to Deutsche Bank's untimely corrective action. *Id.* at 8, 10. Rodriguez also alleges that "Defendant has not provided evidence nor argued that it timely cured within 60 days of receiving notice of their constitutional violations." *Id.* at 11.

The Fifth Circuit recently analyzed similar issues and facts. *See Alexander*, 867 F.3d at 594. In *Alexander*, as in this case, defendant bank's predecessor in interest entered into a loan with the plaintiff homeowner, secured by a deed of trust on her homestead. *Id.* The bank initiated foreclosure after the homeowner defaulted. *Id.* The homeowner sued, alleging that the bank violated Section 50(a)(6)'s foreclosure requirements, including Section 50(a)(6)(Q)(ix)—one of the two provisions Rodriguez relies upon. *Id.* After the district court granted the bank's motion to dismiss for failure to state a claim, the homeowner challenged the denial of her requests to permanently enjoin the foreclosure sale and for forfeiture. *Id.* at 598.

*Alexander* applied two recent Texas Supreme Court cases to reject the homeowner's breach of contract claim as time-barred. *Id.* at 603 (discussing *Garofolo*, 497 S.W.3d at 481; *Wood*, 505 S.W.3d at 550). Specifically, *Alexander* determined that "[b]ecause the alleged breach here was a

7

failure to include an Acknowledgment of Fair Market Value signed by both parties, the breach occurred at the closing of the loan." *Id.* Further, *Alexander* determined that because the right of action for a breach of contract claim accrues when the breach occurs, the statute would have run at closing, nearly thirteen years before the homeowner sued the bank. *Id.* Finally, *Alexander* rejected the homeowner's argument that the lender breached when it failed to cure. *Id.* Instead, the court determined that the lender breached by failing to comply with the term at closing. *Id.* at 603.

Under *Alexander*, Rodriguez's breach of contract claim is time-barred. Here, as in *Alexander*, Rodriguez's allegations about the purported breaches all occurred at closing. In particular, Rodriguez alleges that the "Lender failed to acknowledge the fair market value *at closing*" in violation of § 50(a)(6)(Q)(ix). Dkt. 39 at 2, n.1(emphasis added); *see also* Dkt. 16 at 6 ("the owner . . . and the lender must sign a written acknowledgment . . . *on the date of the extension of credit is made*.") (emphasis added). Rodriguez also specifically alleges that "the Lender fail[ed] to provide Plaintiff with all final signed loan documents pursuant to § 50(a)(6)(Q)(v)." Dkt. 39 at 2, n.1; *see also* Dkt. 16 at 5 ("[t]he loan must have provided that borrowers would receive a copy on [sic] the final loan application and all executed documents signed *at closing*.") (emphasis added).

Rodriguez's right of action for those breaches accrued at the time the breach occurred: closing. *See Alexander*, 867 F.3d at 603. The loan closed in May of 2006. Dkts. 16 at 3, 39 at 3, 8. Thus, to sue for breach of contract, Rodriguez needed to file suit by May 2010. *See Alexander*, 867 F.3d at 603. She sued Deutsche Bank six years after that time. Dkt. 1, Ex. 4 at 8. Accordingly, her claims for breach of contract are time-barred.

Rodriguez's second argument also fails. Rodriguez argues that Deutsche Bank breached by failing to cure defects. Dkt. 39 at 8. *Alexander* rejected an almost identical argument. *See* 867 F.3d at 603. Just like in that case, the alleged breaches occurred when the lender failed to comply with

8

the terms of the agreement—at closing—not when Deutsche Bank failed to cure nearly ten years later. *Id.*

Because the record shows that Rodriguez's contract claim is time-barred, Deutsche Bank met its burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Rodriguez failed to set forth specific facts showing a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Thus, she failed to defeat Deutsche Bank's right to summary judgment. Accordingly, Deutsche Bank's motion is GRANTED. Because Rodriguez waived her remaining claims and there are no more issues before the court, Rodriguez's lawsuit is DISMISSED WITH PREJUDICE.

### IV. CONCLUSION

Accordingly, Deutsche Bank's motion for summary judgment (Dkt. 33) is GRANTED. Deutsche Bank's motion to strike (Dkt. 38) is DENIED AS MOOT.

Signed at Houston, Texas on October 30, 2017.

_____
Gray H. Miller
United States District Judge

9